**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

| | |
|---|---|
| APRIL DARRIN, individually and on behalf all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HUNTINGTON INGALLS INDUSTRIES,<br><br>        Defendant. | **Case No. 4:23-cv-00053**<br><br>**UNOPPOSED MOTION FOR ORDER GRANTING CONSOLIDATION AND APPOINTING INTERIM CO-LEAD CLASS COUNSEL** |
| KENNETH D. KEELER, individually and on behalf all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HUNTINGTON INGALLS INDUSTRIES,<br>INC. d/b/a HII CORPORATE.,<br><br>        Defendant. | **Case No. 4:23-cv-00055** |
| CHERYL SOLES, individually and on behalf all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HUNTINGTON INGALLS INDUSTRIES INC.<br>and HUNTINGTON INGALLS INC., d/b/a<br>HUNTINGTON INGALLS INDUSTRIES,<br><br>        Defendants. | **Case No. 4:23-cv-00059** |
| TYLER N. BEADLE, individually and on behalf all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HUNTINGTON INGALLS INDUSTRIES<br>INC.,<br><br>        Defendant. | **Case No. 4:23-cv-00065** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rules of Civil Procedure Rules 23(g) and 42(a), Plaintiffs April Darrin, Kenneth D. Keeler, Cheryl Soles, and Tyler N. Beadle (collectively, "Plaintiffs") jointly move this Court for an Order consolidating the *April Darrin v. Huntington Ingalls Industries* (Eastern District of Virginia, Case No. 4:23-cv-53) ("*Darrin*"), *Kenneth D. Keeler v. Huntington Ingalls Industries, Inc. d/b/a HII Corporate* (Eastern District of Virginia, Case No. 4:23-cv-55) ("*Keeler*"), *Cheryl Soles v. Huntington Ingalls Industries, Inc. and Huntington Ingalls Inc., d/b/a Huntington Ingalls Industries* (Eastern District of Virginia, Case No. 4:23-cv-59) ("*Soles*"), and *Tyler N. Beadle v. Huntington Ingalls Industries, Inc.* (Eastern District of Virginia, Case No. 4:23-cv-65) ("*Beadle*") actions, and appointing Gary Mason of Mason LLP, Scott Edward Cole of Cole & Van Note and Raina Borrelli of Turke & Strauss LLP as Interim Co-Lead Class Counsel. In support of this request, counsel for all Plaintiffs jointly submit the below brief and the Declarations of Gary Mason, Scott Edward Cole and Raina Borrelli filed herewith. Plaintiffs have consulted with counsel for Defendants, who has expressed that Defendants do not oppose this motion as to consolidation and take no position on the motion as to leadership.[1]

Plaintiffs request that the Court grant the Motion, consolidate the Related Cases, order that Gary Mason, Scott Edward Cole and Raina Borrelli be appointed Interim Co-Lead Class Counsel and grant any additional relief it deems proper.

---

[1] Counsel for Defendants have advised that while Defendants do not oppose consolidation of the Related Cases for purposes of judicial economy, Defendants dispute the allegations in the Related Cases and that they are liable to the Plaintiffs in any way, and dispute any suggestion that the Plaintiffs' claims are appropriate for class adjudication.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND BACKGROUND

These cases arise from a cybersecurity incident purportedly discovered by Defendant Huntington Ingalls Industries, Inc. d/b/a HII Corporate ("Defendant") on or about April 22, 2022, in which unauthorized individuals gained access to Defendant's information network (the "Security Incident"). Plaintiff April Darrin filed the first-filed case, entitled *April Darrin v. Huntington Ingalls Industries* (Eastern District of Virginia, Case No. 4:23-cv-53) on April 27, 2023, seeking damages, injunctive and equitable relief in connection with the event. A second action, entitled *Kenneth D. Keeler v. Huntington Ingalls Industries, Inc. d/b/a HII Corporate* (Eastern District of Virginia, Case No. 4:23-cv-55) was filed in connection with the Security Incident, also in this District, on April 28, 2023. A third action, by Cheryl Soles, entitled *Cheryl Soles v. Huntington Ingalls Industries, Inc. and Huntington Ingalls Inc., d/b/a Huntington Ingalls Industries* (Eastern District of Virginia, Case No. 4:23-cv-59) was filed in connection with the Security Incident, also in this District, on May 11, 2023. Plaintiff Tyler N. Beadle filed the fourth-filed case, entitled *Tyler N. Beadle v. Huntington Ingalls Industries, Inc.* (Eastern District of Virginia, Case No. 4:23-cv-65) on May 23, 2023. The *Darrin, Keeler, Soles,* and *Beadle* actions are hereafter collectively referred to as the "Related Cases."

Both prior to and since filing the Related Cases, Mr. Mason, Mr. Cole and Ms. Borrelli have taken proactive steps to investigate the Security Incident, including, but not limited to, preparing ESI protocols and a protective order, coordinating with other attorneys and performing substantial research and contacting the Defendant. Now, in the interests of judicial economy, counsel for the Related Cases jointly request that the Court consolidate the Related Cases and appoint Gary Mason, Scott Edward Cole and Raina Borrelli as Interim Co-Lead Class Counsel,

pursuant to Federal Rules of Civil Procedure Rules 23(g)(3) and 42(a). In addition, Kenneth Grunfeld, lead counsel in the *Beadle* case, supports this motion and will work cooperatively with proposed Co-Lead Counsel in the efficient litigation of this case.

## II.   LEGAL ARGUMENT

The Related Cases, along with any cases subsequently filed, transferred, or removed to this District arising out of the same Security Incident and including common questions of law and fact, should be consolidated into one substantively unified action. This consolidation and the leadership structure proposed herein will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Classes.

Likewise, the appointment of Gary Mason, Scott Edward Cole and Raina Borrelli as Interim Co-Lead Class Counsel under Rule 23(g)(3) will support the unified and efficient prosecution of the consolidated actions, as set forth below.

### A.   The Court Should Consolidate the Related Cases

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). "Courts have 'broad discretion' to consolidate cases pending in the same district under Rule 42(a)." *Amazon Web Servs. v. Glob. Equity Mgmt., S.A.*, No. 3:16cv619, 2018 U.S. Dist. LEXIS 234743, at *3 (E.D. Va. Jan. 8, 2018) (citation omitted). Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19cv00080, 2020 U.S. Dist. LEXIS 160144, at *5 (W.D. Va. Sept. 1, 2020). "Consolidation is a 'managerial device' that 'makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" *Hixson v. Hutcheson*,

No. 5:17-cv-00032, 2018 U.S. Dist. LEXIS 21962, at *6 (W.D. Va. Feb. 8, 2018) (quoting 8 Moore's Federal Practice § 42.10(1)(a)). "Consolidation will provide for complete resolution in one proceeding and avoid unnecessary duplication of work and the risk of inconsistent adjudications, thereby promoting the interests of judicial economy and convenience with no prejudice to the parties and the putative class." *White v. Med. Review Inst. of Am., LLC*, No. 2:22-cv-00082-DAK-DAO, 2022 U.S. Dist. LEXIS 132016 (D. Utah July 22, 2022).

Federal courts have often recognized that class actions, such as those involved here, "are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned." *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775-BAS(JLB), 2014 WL 12696519, at *2 (S.D. Cal. Sept. 25, 2014). Other benefits of consolidation are that it "facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Id.*

In deciding whether to consolidate cases, the Court should consider:

> whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

Where two or more actions against the same defendant share key factual and legal questions—including, as here, where the actions arise from the same Data Breach—consolidation under Rule 42(a) is warranted. *See Scott v. CG Bellkor, LLC*, No. 3:15-cv-768, 2016 U.S. Dist. LEXIS 185355, at *2–3 (E.D. Va. May 17, 2016) (finding consolidation proper where the cases involved the same parties, facts alleged, legal claims, and damages sought). Consolidating the

Related Cases—and any later filed or removed cases—will streamline and organize this litigation, allowing the Court to efficiently resolve the nearly identical legal and factual issues.

Consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief and are in a similar procedural posture. No responsive pleadings have been filed in any of the Related Cases. *See Hixson*, 2018 U.S. Dist. LEXIS 21962, at *8–9 (consolidating cases, and finding that, "if the court does not consolidate the cases, there will exist a significant risk that the parties will be subject to inconsistent adjudication of the same issues, duplicative discovery (and costs incurred in discovery), and a waste of the judicial system's resources.").

Consolidation will allow the parties to avoid duplication during discovery since the Related Cases will involve the same relevant documents and the same individuals from Defendant will be deposed. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice. *See generally Manganaro*, 2020 U.S. Dist. LEXIS 160144, at *8–9 (consolidating related cases where discovery would overlap significantly and lead to efficiencies throughout the litigation and at trial); *see also U.S. ex rel. Sprinkle Masonry, Inc. v. THR Enters., Inc.*, No. 2:14CV251, 2014 WL 4748527, at *3 (E.D. Va. Sept. 23, 2014) (similar).

Because consolidation here serves the interest and convenience of both the parties and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Cases, Plaintiffs respectfully request the Court enter an Order consolidating the Related Cases.

**B.      The Court Should Appoint Interim Co-Lead Class Counsel**

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." *Manual for Complex Litigation (Fourth)* ("*MCL*" or "*Manual*") § 10.22. In some cases, "the attorneys coordinate their activities without the court's assistance, and such effort should be encouraged." *Id.*

Mr. Mason, Mr. Cole and Ms. Borrelli seek appointment of Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)—which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Here, as discussed above, the Related Cases currently pending are overlapping and duplicative, and additional cases are not unlikely. Plaintiffs seek the appointment of Mr. Mason, Mr. Cole and Ms. Borrelli as Interim Co-Lead Class Counsel for Plaintiffs in the proposed consolidated action.

The Committee Notes to the 2003 Amendments to Rule 23 emphasize, designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

*See* Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

Designating Interim Co-Lead Class Counsel as is being requested here clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class

certification and negotiating settlement. MCL § 21.11 (4th ed. 2004). The rule provides that "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(2)." The rule also "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made." Fed. R. Civ. P. 23(g) advisory committee's note; *see also Southeast Mo. Hosp. v. C.R. Brand, Inc.*, No. 1:07-CV-0031-TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting that "[t]he court may designate interim class counsel" and that "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant") (citations omitted).

In cases like this, the appointment of Interim Co-Lead Class Counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the proposed Classes and assures defense counsel that they are dealing with the correct representatives of the proposed Classes. *See* MCL § 21.11. Appointment of Interim Co-Lead Class Counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. *See Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (discussing the danger of a "race to the bottom" situation). By appointing the proposed Interim Co-Lead Class Counsel now, this Court will forestall potential future inefficiency or leadership clashes and will ensure that Class Members' interests are protected by capable counsel in this matter and will not be adversely impacted by other actions. Moreover, appointing clear leadership at this stage in the litigation will allow the various firms to focus their efforts on the litigation and efficiently represent the putative Classes.

Rule 23(g) has criteria for the appointment of class counsel, including (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and

(4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv) & (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at class certification stage. As this court has observed:

> When appointing interim counsel, the Court looks to factors set out in Rule 23(g)(1) to determine the adequacy of counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and, (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

*In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269 (MSN/JFA), 2022 U.S. Dist. LEXIS 85405, at *16 (E.D. Va. May 10, 2022); *see also In re: Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013). Here, as discussed below, the attorneys seeking appointment as Interim Co-Lead Class Counsel satisfy the considerations under Rule 23(g).

      1.   <u>Mason LLP, Cole & Van Note, and Turke & Strauss LLP Have Performed Substantial Work in Investigating this Action</u>

The first factor for consideration under Rule 23(g)(1) is the work done to-date identifying and investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A)(i). The law firms of each of the proposed Interim Co-Lead Class Counsel, Mason LLP, Cole & Van Note, and Turke & Strauss LLP, moved quickly to investigate the Security Incident and initiate the present case. Through their combined efforts, the members of Mason LLP, Cole & Van Note, and Turke & Strauss LLP were able to uncover the key details of the Security Incident needed to move forward with this case. Indeed, Mason LLP, Cole & Van Note, and Turke & Strauss LLP have already dedicated meaningful resources to investigating the facts and researching the legal basis for liability. Mason LLP, Cole & Van Note, and Turke & Strauss LLP investigated the facts surrounding the Security

Incident, including its cause, Defendant's public statements regarding the events surrounding the Security Incident, potential and actual damages from the Security Incident and consumer experiences concerning information compromised in the breach. Gary Mason, Scott Edward Cole and Raina Borrelli have also devoted significant time to researching the claims and related law arising out of the Security Incident.

Mason LLP, Cole & Van Note, and Turke & Strauss LLP continue to perform substantial work that has been and will continue to be valuable to the Class as the case moves forward. This work includes but is not limited to (a) reviewing consumer complaints concerning the Security Incident, (b) ongoing communications with putative Class Members, (c) continued investigation of the Security Incident, the scope of its consequences, and Defendant's public disclosures regarding the same, (d) research into viable legal theories to be brought and filed against Defendant and possible defenses thereto, and (e) coordination with Defendant's counsel to ensure the efficient progress of the litigation.

Mason LLP, Cole & Van Note, and Turke & Strauss LLP have conducted all of the work necessary to investigate Plaintiffs' claims and launch the prosecution of this litigation and continue to devote substantial effort to advancing the claims of Plaintiffs and the proposed Classes.

       2.   <u>Mr. Mason, Mr. Cole and Ms. Borrelli Have Relevant Experience and Knowledge of the Applicable Law</u>

Plaintiffs' proposed Interim Co-Lead Class Counsel are well-qualified. Indeed, they and their respective firms have a track record of successfully litigating and resolving consumer class actions, including data breach and other complex cases. *See, e.g.*, *Radcliffe v. Hernandez*, 818 F.3d 537, 548 (9th Cir. 2016) (affirming a district court's appointment of interim class counsel based on the court's finding that the appointed firm's "greater experience in handling class actions . . . its greater knowledge of the applicable law" supported a finding that the firm was "best able to

represent the class"); *see also In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

        a.    <u>Mr. Mason is Qualified to Serve as Interim Co-Lead Class Counsel</u>

Gary E. Mason is a nationally recognized leader of the class action bar. Focusing on consumer class actions and mass torts, Mr. Mason has recovered more than $1.5 billion in the 29 years he has represented plaintiffs. Mr. Mason is the founding partner and principal of Mason LLP, based in Washington, D.C. He is admitted to practice in Washington, D.C., New York, and Maryland, as well as being admitted to the U.S. Supreme Court, five U.S. Courts of Appeals Circuits, and a wealth of U.S. District Courts. He is well qualified to serve as Interim Class Counsel in this litigation due to his long history of successfully prosecuting complex class action cases, including but not limited to data breach litigation.

Mr. Mason has been prosecuting privacy cases since the early 2000's when he was the first attorney in legal history to successfully settle a privacy case on a class-wide basis against Google, serving as the court-appointed lead counsel. *In re Google Buzz Priv. Litig.*, No. 10-cv00672-JW (N.D. Cal.). This litigation resolved with a $10 million settlement fund for the class. As co-lead counsel, he achieved a substantial settlement with the Department of Veterans Affairs after the District Court for the District of Columbia rendered a seminal opinion on the federal Privacy Act, in which plaintiffs alleged that the VA permitted unauthorized parties to acquire the PII of 28.5 million military veterans and active duty personal. *In re Dep't of Veterans Affs. (VA) Data Theft Litig.*, No. 1:06-mc-00506-JR, MDL No. 1796 (D.D.C.). Mr. Mason also served as liaison counsel in a data breach case filed against the Office of Personnel Management. *In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1 (D.D.C. 2017) (final approval of a $63 million

settlement fund granted in October 2022). He currently serves as one of the co-lead counsel for the *Farley v. Eye Care Leaders* data breach class action matter related to the breach of over three million individuals' data, which is pending in the Middle District of North Carolina, No. 1:22-cv-468. He also serves as co-lead counsel for the following pending cases: *Guy v. Convergent Outsourcing, Inc.*, No 2:22-cv-01558 (W.D. Wash.); *Alvarado v. JDC Healthcare Mgmt., LLC*, No. DC-22-03137 (Tex. Dist. Ct. for Dallas Cnty.); and *Tucker v. Marietta Area Health Care*, No. 2:22-cv-00184 (S.D. Ohio).

In the last three years alone, Mr. Mason and his firm have successfully litigated and obtained final approval of class action settlements in over two dozen data breach cases across the country. *See, e.g.*, *Baksh v. Ivy Rehab Network, Inc.*, No. 7:20-cv-01845-CS (S.D.N.Y.) (Mr. Mason appointed Class Counsel in a data breach class action settlement; final approval granted Feb. 2021); *Kenney v. Centerstone of Am., Inc.*, No. 3:20-cv-01007 (M.D. Tenn.) (data breach class action settlement involving over 63,000 class members; final approval granted August 2021); *North v. Hunt Mem'l Hosp. Dist.*, No. 89642 (Tex. Dist. Ct. for Hunt Cnty.) (data breach class action settlement; final approval granted Dec. 2021); *Cece v. St. Mary's Health Care Sys., Inc.*, No. SU20CV0500 (Ga. Super. Ct. for Athens-Clarke Cnty.) (data breach case involving 55,652 people; final approval granted April 2022); *Colston v. Envision Credit Union*, No. 2022-CA-1476 (Fla. Cir. Ct. for Leon Cnty.) (data breach class action settlement; final approval granted April 2023). In addition, Mr. Mason and his firm have successfully negotiated settlements that have received preliminary approval and are currently pending final approval in even more data breach class actions.

Mr. Mason was appointed to serve as co-lead counsel in the currently pending *SoClean, Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 3021 (W.D. Pa.); in *In re Hill's Pet*

*Nutrition, Inc. Dog Food Prods. Liab. Litig.*, No. 2:19-md-02887-JAR-TJJ, MDL No. 2887, a consumer class action in which resolved with a $12.5 million common fund; and in *In re DevaCurl Hair Prods. Litig.*, No. 1:20-cv-01234-GHW (S.D.N.Y.), which was resolved by the creation of a $5.2 million settlement fund. Based on his experience in data breach and other class action and complex litigation cases, Mr. Mason is qualified to assist the Plaintiffs in this matter as a member of Interim Class Counsel. Augmenting this record, some of the more unique or difficult class certifications, settlements and judgments achieved by Mason LLP are set forth in the accompanying Declaration of Gary Mason within the firm resume attached thereto as **Exhibit 1.**

### b.   Mr. Cole is Qualified to Serve as Interim Co-Lead Class Counsel

Based in California but handling cases in numerous other states, Cole & Van Note is a very specialized practice, devoted almost exclusively to the prosecution of class action matters such as this. In its over 30-year history, its founder, Mr. Cole, has prosecuted hundreds of class and/or complex/representative cases, some of the more unique ones being identified in the firm's professional resume, attached to the Declaration of Scott Edward Cole as **Exhibit 1**. Many of these cases involve(d) some or all of the same legal issues as are presented in the current action. While almost entirely devoted today to prosecuting cybersecurity class actions, Mr. Cole's past experiences run deep across various areas of the law—from employment wage and hour and discrimination cases, to consumer, personal injury and environmental class actions/mass tort cases. Mr. Cole has successfully achieved class certification, settlements and judgments in varied factual scenarios, just some of the more unique, difficult or groundbreaking situations being set forth in the firm's resume. Some better-known and/or "game changing" cases include *Kullar v. Foot Locker Retail, Inc.*, No. A119697, 168 Cal. App. 4th 116 (2008) (setting the standard for settlement approval in California state courts); *Augustus (Davis) v. ABM Sec. Servs.*, No. S224853 (Cal.)

13

(establishing a new Supreme Court standard for workplace rest periods; $110 million settlement); *Despres v. United Parcel Service, Inc.*, Nos. 3:03-CV-02987(TEH) & 3:03-CV-02001(TEH) (N.D. Cal.) (historic $87 million settlement in meal break-only case); *Kurihara v. Best Buy Co., Inc.*, 2007 U.S. Dist. LEXIS 64224 (N.D. Cal. Aug. 29, 2007) (class cert. granted and clarifying distinction between class composition and entitlement to a recovery); *Tierno v. Rite Aid Corp.*, 2006 U.S. Dist. LEXIS 71794 (N.D. Cal. Aug. 31, 2006) (oft-cited ruling certifying a class of retail store managers alleging overtime misclassification; $6.9 million settlement); *Fulton v. Sports & Fitness Clubs of Am., d/b/a 24 Hour Fitness, USA, Inc.*, No. GIC881669 (Cal. Super. Ct. for San Diego Cnty.) *consolidated with* Case No. GIC873193 (industry changing case that helped define "piece rate" standard under the law; class certification and then summary judgment granted; $19 million resolution); *In re Westley Tire Fire Litig.*, No. CV 801282 (Cal. Super. Ct. for Santa Clara Cnty.) (lead counsel in toxic 7 million tire fire that affected up to one third of the State of California); *In re Unocal Refinery Litig.*, No. C94-04141 (Cal. Super. Ct. for Contra Costa Cnty.) (Steering Committee in massive toxic chemical release and topic of Mr. Cole's book, "Fallout"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD (N.D. Cal.) (Steering Committee in consumer fraud case); *In re Tosco SFR Litig.*, No. C97-01637 (Cal. Super. Ct. for Contra Costa Cnty.) (Lead Counsel in massive toxic airborne release over multiple towns).

Currently, CVN is devoted almost entirely to the prosecution of data breach class actions, with the vast bulk of its caseload being cases involving almost identical legal and factual issues to those presented in the instant case. In these matters, CVN serves in a variety of roles, including in various leadership positions. For example, CVN is currently serving as court appointed lead or co-lead counsel in several data breach matters (e.g., *Hinds v. Community Med. Ctrs., Inc.*, No. STK-CV-UNPI-2021-10404 (Cal. Super. Ct. for San Joaquin Cnty.); *Tsvetanova v. UCSD Health*, No.

37-2021-00039888-CU-PO-CTL (Cal. Super. Ct. for San Diego Cnty.); *In re Rackspace Data Sec. Litig.*, No.: SA-22-cv-01296-XR (W.D. Tex. 2022); *Fedorys v. Ethos Grp. Inc*., No.: 3:22-cv-2573 (N.D. Tex. 2022)). CVN also serves in more informal (e.g., stipulated) leadership positions in numerous other data breach cases and in sole counsel roles in even dozens more—actions currently venued across over 20 states. CVN, thus, possesses the experience and ample resources to lead the current case(s), once consolidated, and will continue to do so throughout this litigation.

CVN unquestionably possesses the experience and resources to lead the current cases, once consolidated, and will continue to do so throughout this litigation. Augmenting this record, some of the more unique or more difficult class certifications, settlements and judgments achieved by CVN are set forth in the accompanying Declaration of Scott Edward Cole within the firm resume attached thereto as **Exhibit 1**.

> c.    <u>Ms. Borrelli is Qualified to Serve as Interim Co-Lead Counsel</u>

Turke and Strauss is a law firm in Madison, Wisconsin, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, employment, wage and hour, business, real estate, and debtor-creditor matters. Raina Borrelli is a partner at Turke & Strauss LLP whose practice focuses on complex class action litigation, including data breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of pro se litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star"

Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, No. 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, No. 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, No. 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, No. 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, No. 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, No. 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, No. 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Prods., Inc.*, No. 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, No. 18-cv-1736 (C.D. Cal.); *Reynolds v. FCA US, LLC*, No. 19-cv-11745 (E.D. Mich.).

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, No. 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, No. 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina v. PracticeMax Inc.*, No. 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund v. R.R. Donnelley & Sons Co.*, No. 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, No. 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *McLaughlin v. Flagstar*, No. 22-cv-11470 (E.D. Mich.); *Corra v. Acts Retirement Servs., Inc.*, No. 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, No.

22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, No. 2020CV000550 (Wis. Cir. Ct. for Walworth Cnty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the Univ. of Missouri, d/b/a MU Health Care*, No. 21BA-CV00182 (Mo. Cir. Ct. for Boone Cnty.); *Baldwin v. Nat'l Western Life Ins. Co.*, No. 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

Raina Borrelli and Turke & Strauss are well-qualified to serve as Interim Co-Lead Class Counsel in this matter. Augmenting this record, some of the more unique or difficult class certifications, settlements and judgments achieved by Turke & Strauss are set forth in the accompanying Declaration of Raina Borrelli within the firm resume attached thereto as **Exhibit 1.**

3. <u>Mason LLP, Cole & Van Note and Turke & Strauss LLP are Committed to Representing and Advancing the Interests of the Class</u>

Not only do Mason LLP, Cole & Van Note, and Turke & Strauss LLP have the resources to effectively prosecute this case, they are committed to using these resources to do so. Mason LLP, Cole & Van Note, and Turke & Strauss LLP are committed to pursuing the best interests of the proposed Classes in an efficient manner, and fully understand the investment of time and resources necessary to pursue this action to a successful resolution. Indeed, all firms have made and will continue to make the required investment here.

4. <u>Proposed Interim Co-Lead Class Counsel's Responsibilities</u>

Consistent with the *Manual for Complex Litigation (Fourth)* §§ 10.221 and 40.22, Gary Mason, Scott Edward Cole and Raina Borrelli will be responsible for the overall conduct of the litigation on behalf of the putative Classes and will have the following specific responsibilities:

a. To determine and present to the Court and opposing parties the position of Plaintiffs and putative Class Members on all matters arising during pretrial proceedings;

b.    To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class Members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

c.    To conduct settlement negotiations on behalf of Plaintiffs and putative Class Members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative Class Members;

d.    To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative Classes is conducted efficiently and effectively;

e.    To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

f.    To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

g.    To maintain adequate time and disbursement records covering services as Interim Co-Lead Class Counsel;

h.    To monitor the activities of any other law firms that might seek to represent putative Class Members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

i.    To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Classes or authorized by further order of this Court.

### III.     CONCLUSION

The Related Cases arise out of common facts and advance common legal theories. Consolidation would support the efficient use of the Court's time and that of the parties and would permit a well-organized and efficient presentation of the case for the putative Class. Likewise, appointing well-qualified and experienced firms like Mason LLP, Cole & Van Note and Turke & Strauss LLP and, specifically, partners from each of these firms, Gary Mason, Scott Edward Cole and Raina Borrelli, to serve as Interim Co-Lead Class Counsel, would be in the best interest of the putative Classes and would allow the case to proceed in an efficient and unified manner.

Dated: May 26, 2023

*/s/ David Hilton Wise*
David Hilton Wise, VA Bar No. 30828
Joseph M. Langone, VA Bar No. 43543
**WISE LAW FIRM PLC**
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
jlangone@wiselaw.pro

**MASON LLP**
Gary E. Mason, Esq.
5335 Wisconsin Avenue NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
Email: gmason@masonllp.com

**COLE & VAN NOTE**
Scott Edward Cole, Esq. (CA S.B. #160744)
555 12th Street, Suite 1725
Oakland, CA 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com

**TURKE & STRAUSS LLP**
Raina Borrelli, Esq.
613 Williamson Street, Suite 201
Madison, Wisconsin 53703

Telephone: (608) 237-1775
Email: raina@turkestrauss.com

**GOLOMB SPIRT GRUNFELD P.C.**
Kenneth J. Grunfeld
1835 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
Telephone: (215) 346-7338
Facsimile: (215) 985-4169
Email: KGrunfeld@GolombLegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 26, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ David Hilton Wise*
David Hilton Wise, Esq.