IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

APRIL DARRIN, *on behalf of herself and all others similarly situated*, et al.,

    Plaintiffs,

v.

HUNTINGTON INGALLS INDUSTRIES,

    Defendant.

Case No. 4:23-cv-53

## ORDER

Before the Court is the plaintiffs' unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class (ECF No. 42), the terms of which are set forth in a settlement agreement with accompanying exhibits (collectively "Settlement Agreement").[1] ECF Nos. 43-2. The motion is **GRANTED**, and the Court **ORDERS** as follows:

    1.    **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class consisting of all individuals in the United States to whom Defendant sent a notice because some of their personal information may have been accessed as a result of a Security Incident that occurred between approximately March and May 2022.

---

[1] All capitalized terms herein have the definitions set forth in the Settlement Agreement.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Fed. R. Civ. P. 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Fed. R. Civ. P. 23(a) and the requirements of Fed. R. Civ. P. 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interests antagonistic to or in conflict with the Settlement Class

and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Class Representatives and Class Counsel.** The Court finds that the Representative Plaintiffs will likely satisfy the requirements of Fed. R. Civ. P. 23(e)(2)(A) and be appointed as the Class Representatives. Additionally, the Court finds that Proposed Class Counsel Gary Mason of Mason LLP, Scott Edward Cole of Cole & Van Note, and Raina Borrelli of Turke & Strauss LLP, will likely satisfy the requirements of Fed. R. Civ. P. 23(e)(2)(A) and are appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the settlement is fair, reasonable, and adequate. Therefore, providing notice of the settlement to the Settlement Class is warranted. Accordingly, class notice is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Fed. R. Civ. P. 23.

Fed. R. Civ. P. 23(e)(2)(A) is satisfied because the Class Representatives and Class Counsel have adequately represented the Settlement Class. Specifically, the Class Representatives have the same interests as the other Settlement Class Members, and the Court has already found that the attorneys representing them are experienced and qualified. ECF No. 21 at 5.

Fed. R. Civ. P. 23(e)(2)(B) is satisfied because the Settlement Agreement was entered into at arms' length by experienced counsel and is sufficiently within the range of reasonableness such that notice of the Settlement should be given to members of the Settlement Class pursuant to Fed. R. Civ. P. 23(c)(2). Specifically, the Parties engaged in a full day of mediation with a qualified mediator, after informal discovery and independent investigation. ECF No. 43-1; *see In re NeuStar, Inc. Sec. Litig.*, No. 1:14-cv-885, 2015 WL 5674798, at *11 (E.D. Va. Sept. 23, 2015).

Fed. R. Civ. P. 23(e)(2)(C) is satisfied, and the relief provided for the Class is adequate, for the following reasons:

- The Settlement Agreement provides for a substantial payment to the Settlement Class and eliminates the risks, expense, and delay of a trial and potential appeal, *see* Fed. R. Civ. P. 23(e)(2)(C)(i);

- The case does not present any difficulties in identifying claimants or distributing settlement proceeds, *see* Fed. R. Civ. P. 23(e)(2)(C)(ii);

- The plaintiffs' attorneys negotiated a fee proposal after the settlement agreement was in place, and the Parties did not discuss the amount of attorneys' fees together, *see* Fed. R. Civ. P. 23(e)(2)(C)(iii); and

- There are no separate agreements that would affect the settlement amount, the eligibility of Settlement Class

4

>Members to participate in the settlement, or the treatment of Settlement Class Members' claims, *see* Fed. R. Civ. P. 23(e)(2)(C)(iv).

Fed. R. Civ. P. 23(e)(2)(D) is satisfied because the Settlement Agreement treats members of the Settlement Class equitably, relative to each other. Specifically, the Settlement Agreement would apportion payments to all Settlement Class Members equally, and payments would be increased or decreased *pro rata* to exhaust the Settlement Fund, after payment of certain costs specified in the Settlement Agreement.

4. **Jurisdiction.** The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Fairness Hearing.** A final fairness hearing shall be held on **September 12, 2024, at 11:00 a.m.,** at the courthouse in Norfolk, to determine, among other things, whether:

   (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

   (b) the settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e);

   (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

   (d) Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement;

5

    (e)    the application of Class Counsel for an award of attorney's fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and

    (f)    the application of the Class Representatives for service awards should be approved.

The Fairness Hearing may be rescheduled, adjourned, or continued, and the courtroom assigned for the hearing may be changed without further notice to the Settlement Class.

    **6.**    **Claims Administrator.** The Court appoints Simpluris as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement reasonably requires to effectuate the Notice, Notice Program, and Claims Administration. The Claims Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement.

    **7.**    **Notice.** The proposed method for providing notice, set forth in the Settlement Agreement and the Claim Form, Short Form Notice, and Long Form Notice attached to the Settlement Agreement as Exhibits A, B, and C, respectively, are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

    **8.**    **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the

proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by the Settlement Class Members.

The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

**9. <u>Exclusion from Class.</u>** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Claims Administrator at the address, in the manner, and within the time provided in the Notice. Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice. Any member of the Settlement Class who does not properly and timely opt out of the settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

A request for exclusion must be in writing and: (a) state the name of this proceeding (*April Darrin, et al. v. Huntington Ingalls Industries*, Case No. 4:23-cv-53, pending in the United States District Court for the Eastern District of Virginia); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) be personally signed by the Settlement Class Member and seek exclusion only for that one Settlement Class Member.

A request for exclusion that does not include the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Date shall be invalid. The Settlement Class Member serving such a request shall, if the Final Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all requests for exclusion to Class Counsel and to Defendant's Counsel within seven days of the Opt-Out Date.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Settlement Agreement and Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the settlement.

Upon entry of the Final Approval Order and Judgment all members of the Settlement Class who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Released Persons under the Settlement Agreement with respect to the Release Claims.

10. **Objections and Appearances.** Any Settlement Class Member who does not elect to be excluded from the Settlement Class may object to the settlement, Class Counsel's request for fees and expenses, and/or the request for service award payments to the Representative Plaintiffs; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters unless the objection is: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

(a) the name or caption of this Litigation;

(b) the objector's full name, address, telephone number, and email address;

(c) a statement that the objector believes he or she is a Settlement Class Member and the basis for that belief;

(d) a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes is applicable;

(e) the identity of all counsel representing the objector, if any, in connection with the objection;

9

    (f)    a statement confirming whether the objector and/or the objector's counsel will appear and/or testify at the Final Fairness Hearing;

    (g)    a statement identifying all class action settlements objected to by the objector in the previous 5 years; and

    (h)    the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

If the Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Fairness Hearing, the written objection must also include the identity of any witness(es) whom the objecting Settlement Class Member intends to call to testify at the Final Fair Hearing and a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Fairness Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Fairness Hearing.

Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement or to seek review of the settlement through any other means. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

11. **Claims Process.** The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, HII shall fund a non-reversionary cash settlement fund in the amount of $725,000 for the benefit of Settlement Class Members (the "Settlement Fund"). The Settlement Fund will be used to pay for: (1) reimbursement for Out-of-Pocket Losses; (2) reimbursement for Lost Time; (3) Alternative Cash Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Forms or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the Release.

12. **Termination of Settlement.** This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Settlement Agreement was signed, if: (a) the settlement is not finally approved by the Court; (b) the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; and/or (c) the Judgment does not become Final, as described in the Settlement Agreement. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are or ever were satisfied for purposes of this Litigation. The Litigation shall thereupon revert forthwith to its procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

13. **Use of Order.** This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or if the Judgment does not become Final, as described in the Settlement Agreement. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings

12

undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability for any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Representative Plaintiff or any other Settlement Class Member that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any claim or defense they may have in this Litigation or in any other lawsuit.

14. **Continuance of Hearing.** The Court may adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

15. **Stay of Further Proceedings.** The Court hereby **STAYS** all proceedings in this case except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

16. **Schedule and Deadlines.** The Court **ORDERS** the following schedule of dates:

| Event | Timing |
|---|---|
| Deadline for Defendant to provide Settlement Class List to Claims Administrator pursuant to the Settlement Agreement | 10 days after this Order is entered |
| Notice Program Commencement ("Class Notice Date") | 30 days after this Order is entered |
| Deadline for Class Counsel o file motion for attorney's fees, costs, expenses, and service awards | 21 days before Objection Deadline and Opt-Out Deadline |
| Objection Deadline | 75 days after the Class Notice Date |
| Opt-Out Deadline | 75 days after the Class Notice Date |
| Claims Deadline | 90 days after the Class Notice Date |
| Deadline for Plaintiffs to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | 21 days prior to the Final Fairness Hearing |
| Final Fairness Hearing | September 12, 2024, at 11:00 a.m., at the courthouse in Norfolk |

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
United States District Judge

Newport News, Virginia
March 15, 2024

14